This is an accelerated appeal from the Erie County Court of Common Pleas.
On September 19, 1994, appellees, Norman James, Jr. and Suzanne M. James, were involved in a serious automobile collision. The negligent party, Christopher Hughes, died as a result of the impact. At the time of the accident, appellees were insured by appellant Nationwide Mutual Insurance Company ("Nationwide"). Hughes was insured under a policy issued by Erie Insurance Group.
On September 27, 1994, appellees' counsel sent Nationwide a letter which stated, in pertinent part:
 "As you are aware, this office represents Norman and Suzanne James for injuries sustained in an automobile accident which occurred on the above mentioned date. I thank you for making me aware of the uninsured/underinsured limits of my clients' policy, being $50,000/$100,000. * * *.
 "* * *. At this time, I have not been fully informed of the limits of the liability coverage carried by the Hughes vehicle; therefore, I am informing you by this correspondence of the possibility of an underinsured and/or uninsured motorists coverage claim."
In September 1996, appellees filed a personal injury lawsuit against the tortfeasor's estate and Nationwide. On December 5, 1996, appellees notified Nationwide that settlement negotiations were taking place and that it appeared that the tortfeasor's estate was insolvent. Thereafter, appellees settled with the tortfeasor's insurance company for the policy limits. Appellees presented their claim to Nationwide for underinsured motorists benefits. Nationwide denied the claim asserting that appellees failed to protect its subrogation rights, as required under the policy, by failing to present a claim against the tortfeasor's estate within the one year limitations period under R.C. 2117.06(B).[1]
On December 4, 1997, appellant filed a complaint for declaratory judgment, asking that the trial court determine that appellees were not entitled to underinsured motorist coverage. The court granted a motion for summary judgment in favor of appellees and denied appellant's summary judgment motion. From these judgments, appellant has raised the following assignment of error:
 "The trial court erred in denying plaintiff-appellant's motion for summary judgment and granting defendants-appellees' motion for summary judgment."
Appellant's assignment of error challenges the trial court's grant of summary judgment to appellees and denial of its summary judgment motion. Determination of a summary judgment motion is controlled by Civ.R. 56(C), which states in pertinent part:
 "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
Keeping this standard in mind, we now address the merits of the appeal.
The appellees' policy, in effect on the date of the accident, states in pertinent part:
"INSURED PERSONS' DUTIES
"1. The insured must:
 "a) submit written proof of the claim to us as soon as practicable. * * *.
 "2. After notice of claim, we may require the insured to take legal action against any liable party.
 "3. An insured may bring legal action against the other party for bodily injury. A copy of any paper served in this action must be sent to us at once.
"4. The insured must:
"a) obtain our written consent to:
 "(1) settle any legal action brought against any liable party; or
"(2) release any liable party.
 "b) preserve and protect our right to subrogate against any liable party."
In its motion for summary judgment, Nationwide argued that appellees breached a condition precedent to recovery of underinsured motorists benefits by failing to file a claim with the estate of the tortfeasor, thereby terminating Nationwide's subrogation rights. In response, and in their motion for summary judgment, appellees argued that pursuant to the terms of the policy they were not required to file a claim against the estate and, in any event, Nationwide was promptly informed of the accident and possible underinsured claim and was equally responsible for protecting its subrogation rights.
In support of its argument below and in the instant appeal, Nationwide relies on the holding in Bogan v. Progressive Cas. Ins.Co. (1988), 36 Ohio St.3d 22. In Bogan, the Ohio Supreme Court held that a clause in an insurance policy which requires that an insured not compromise the insurer's subrogation rights is "both a valid and enforceable precondition to the duty to provide underinsured motorist coverage." Id. at paragraph four of the syllabus.
Appellees rely on McDonald v. Republic-Franklin Ins. Co. (1989),45 Ohio St.3d 27. McDonald explained the holding in Bogan, supra, stating that:
 "While an insurer may protect its right of subrogation by including a subrogation clause in its policy, such clause does not operate to place the entire burden on the insured. An insurer must aid in the preservation of its subrogation rights." Id. at 31.
This court has carefully reviewed the record in this matter and it is apparent that numerous contacts, including some which were not preserved in the record, were made between appellant and appellees. Within thirty days of the accident appellant provided approximately $8,000 for medical bills and property damage and, as to those payments, received a subrogation assignment by appellees. The sum of $5,098.50, the total property damage amount, was recouped from the tortfeasor's insurer and it was released from liability for said claims. While appellees concede that they did not file a claim with the tortfeasor's estate, likewise, appellant did nothing to protect its own subrogation rights or did it instruct appellees to do so. As set forth in McDonald, supra, an insurer is to aid in the preservation of its subrogation rights.
Construing the evidence most strongly in favor of appellant, we find that under the facts of this case reasonable minds could only conclude that appellees did not breach the terms of the insurance policy addressing the protection of appellant's subrogation rights. Accordingly, appellant's sole assignment of error is not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Erie County Court of Common Pleas is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J.______ _______________________________ JUDGE
Richard W. Knepper, J._____ _______________________________ JUDGE
Mark L. Pietrykowski, J._____ _______________________________ JUDGE CONCUR.
[1] R.C. 2117.06(B) provides: "All claims must be presented within one year after the death of the decedent, whether or not the estate is released from administration or an executor or administrator is appointed during that one-year period."